

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON
THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed April 28, 2022

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICAH CADE MCKINNEY, | § | CASE NO. 21-50046-rlj11 |
| | § | |
| Debtor. | § | |

## MEMORANDUM OPINION

On March 8, 2022, hearing was held on the debtor's, Micah Cade McKinney's, motion to hold Leslie McKinney and her counsel, the Lanfear Firm, in contempt for their efforts to obtain formal findings from the State Court in the McKinneys' divorce proceedings on issues resolved by, and contrary to, Micah McKinney's confirmed chapter 11 plan.[1]  Leslie McKinney and the Lanfear Firm say that contempt is improper because they do not actually intend to seek enforcement of such findings in the State Court.

The Court has jurisdiction of this matter under 28 U.S.C. § 1334(b); this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L), and (O).

---

[1] "State Court" refers to the 216th District Court, Gillespie County, Texas, which is the court handling the McKinneys' divorce proceedings.

1

**BACKGROUND**

Since December 12, 2018, Micah McKinney, the debtor in this chapter 11 case, and Leslie McKinney, his wife, have been parties to a divorce case in State Court. On March 31, 2021, the State Court held a hearing on two motions filed by Leslie McKinney in the McKinneys' divorce case: a motion for enforcement of temporary orders and a motion to allocate a tax refund. The State Court orally granted Leslie McKinney's requested relief on the record, holding Micah McKinney in contempt and ordering that he transfer approximately half of a $3 million tax refund to Leslie McKinney.

On April 5, 2021, before any written order was issued by the State Court, Micah McKinney filed this chapter 11 bankruptcy case. The case was primarily filed because Micah McKinney did not have the funds to comply with the State Court's March 31 ruling. On August 22, 2021, after a lengthy mediation, Micah McKinney and Leslie McKinney entered into a settlement agreement that resolved all their divorce disputes save for certain SAPCR ("suits affecting the parent-child relationship") issues. The terms of the settlement agreement were incorporated into Micah McKinney's bankruptcy plan ("Plan"). On November 4, 2021, the Plan was confirmed. Under the Plan, and the settlement agreement incorporated therein, Leslie McKinney released all claims against Micah McKinney, including claims in the divorce case, except for certain post-petition SAPCR issues. The Plan also states that all claims of the Lanfear Firm, which represents Leslie McKinney in the divorce case, are released. The order confirming the Plan includes a broad injunction ("Discharge Injunction") barring all actions to enforce any pre-confirmation claims against Micah McKinney in a manner inconsistent with the terms of the Plan. Micah McKinney has now satisfied all his obligations to Leslie McKinney under the Plan.

On February 17, 2022, Leslie McKinney, through the Lanfear Firm, filed a motion in the divorce case requesting entry of two orders related to the State Court hearing held *on March 31, 2021* ("Motion to Enter"). The orders, as proposed, provide that Micah McKinney be incarcerated if he fails to pay several pre-bankruptcy claims to Leslie McKinney, the Lanfear Firm, and others; they also require that Micah McKinney place the $3 million tax refund in escrow for payment of a claim to the Lanfear Firm. Each of the claims addressed by the proposed orders were discharged through the order confirming Micah McKinney's Plan. Leslie McKinney says that some issues in the orders are undischarged SAPCR issues but has pointed to no specific provision that falls outside the scope of the Plan.

Counsel for Micah McKinney emailed Leslie McKinney's counsel on February 17, 2022, voicing Micah McKinney's objection to the Motion to Enter as a violation of the Discharge Injunction. In response, counsel for Leslie McKinney said she did not intend to seek the relief in the Motion to Enter but simply wanted a clear record to ease the adjudication of the remaining SAPCR issues in State Court. Leslie McKinney filed an amended motion on February 28, 2022 ("Amended Motion to Enter") that added language to the orders stating that their entry was not an attempt to enforce relief but, rather, to accurately reflect the record. A hearing on the Amended Motion to Enter was set in State Court for March 22, 2022.

On February 25, 2022, Micah McKinney filed this motion seeking to hold Leslie McKinney and the Lanfear Firm in contempt for violating the Discharge Injunction by filing the Motions to Enter. On March 1, 2022, he filed a motion for a preliminary injunction in a related adversary proceeding. On March 8, 2022, an emergency hearing was held on Micah McKinney's motion for contempt and his motion for a preliminary injunction. The Court granted the motion for a preliminary injunction, enjoining Leslie McKinney and the Lanfear Firm from pursuing their

Motion to Enter and Amended Motion to Enter (collectively "Motions to Enter") and enjoining the State Court from entertaining the Motions to Enter at the March 22 hearing. The Court took the motion for contempt under advisement.

## DISCUSSION

**I.  Contempt**

When a creditor violates the discharge injunction in a bankruptcy case, a bankruptcy court may hold the creditor in contempt to compensate the debtor for the violation and to coerce the creditor into compliance with the injunction. *Placid Refining Co. v. Terrebonne Fuel & Lube, Inc. (In re Terrebonne Fuel & Lube, Inc.)*, 108 F.3d 609, 612–13 (5th Cir. 1997). This authority is derived from 11 U.S.C. § 105,[2] which allows a bankruptcy court to enter any order necessary to carry out the provisions of the Bankruptcy Code. *Cirillo v. Valley Baptist Health Sys. (In re Cirillo)*, No. 09-10324, 2014 WL 1347362, at *4 (Bankr. S.D. Tex. Apr. 3, 2014). To determine whether a party should be held in contempt for violating a discharge injunction, courts employ an objective standard, and contempt is appropriate when "there is not a 'fair ground of doubt' as to whether the creditor's conduct might be lawful under the discharge order." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1804 (2019). Under *Taggart*, three elements must be proven for a court to hold a party in contempt: "(1) the party violated a definite and specific order of the court requiring him to … refrain from performing … particular … acts; (2) the party did so with knowledge of the court's order; and (3) there is no fair ground of doubt as to whether the order barred the party's conduct." *In re City of Detroit, Mich.*, 614 B.R. 255, 265 (Bankr. E.D. Mich. 2020).

---

[2] All references to "§" or "section" hereinafter refer to 11 U.S.C., the Bankruptcy Code, unless otherwise stated.

### a. Violation of Discharge Injunction

First, Leslie McKinney and the Lanfear Firm violated the Discharge Injunction by filing the Motions to Enter. The Discharge Injunction states:

> AS OF THE EFFECTIVE DATE ALL HOLDERS OF CLAIMS AGAINST THE DEBTOR … ARE HEREBY PERMANENTLY ENJOINED AND PROHIBITED FROM … THE COMMENCING OR CONTINUATION IN ANY MANNER, DIRECTLY OR INDIRECTLY, OF ANY ACTION, CASE, LAWSUIT OR OTHER PROCEEDING OF ANY TYPE OF NATURE AGAINST THE DEBTOR OR THE ESTATE, WITH RESPECT TO ANY SUCH CLAIM OR INTEREST ARISING OR ACCRUING BEFORE THE EFFECTIVE DATE, INCLUDING WITHOUT LIMITATION THE ENTRY OR ENFORCEMENT OF ANY JUDGMENT, OR ANY OTHER ACT FOR THE COLLECTION, EITHER DIRECTLY OR INDIRECTLY, OF ANY CLAIM OR INTEREST AGAINST THE ESTATE OR THE DEBTOR.

ECF No. 197.[3] The proposed orders on the Motions to Enter direct that Micah McKinney make payments to Leslie McKinney for a portion of the $3 million tax refund and payments to the Lanfear Firm for attorney's fees—obligations that were expressly discharged by confirmation of the Plan. The Discharge Injunction enjoins the "continuation in any manner" of "the entry or enforcement of any judgment" on a prepetition claim. *Id*. As an action that continues to seek entry in State Court of a prepetition claim, Leslie McKinney and the Lanfear Firm's filing of the Motions to Enter plainly violates the Discharge Injunction. So too would a hearing on the motions or the State Court's issuance now of an order on the motions.

Leslie McKinney says she complied with the Discharge Injunction in the Amended Motion to Enter by including a disclaimer in the motion's proposed orders, which says, "Entry of this order is not an attempt to collect any of the monetary relief or awards herein, … but instead, this order is entered only to accurately reflect the record and the order of the Court prior to the bankruptcy filing." ECF No. 239, Ex. C. Leslie McKinney's position—that the order is needed to

---

[3] "ECF No." hereinafter refers to the numbered docket entries in this bankruptcy case, No. 21-50046.

accurately reflect the record—is incorrect. The record in the State Court, as represented here, is that the judge there issued a ruling *on the record*. *That* is the record. Further proceedings were stayed by Micah McKinney's bankruptcy filing. In addition, the savings language does nothing to solve the critical issue, which is that *any* continuation of a discharged claim violates the Discharge Injunction *regardless* of the purpose of the continuation. And worse, it also merely expresses Leslie McKinney's intention without actually barring her from recovery under the order. Leslie McKinney and the Lanfear Firm's attempt to "fix" the orders only serves to confuse the record of what actually transpired. And it is irrelevant in determining whether she violated the Discharge Injunction.

Caselaw also supports the conclusion that Leslie McKinney and the Lanfear Firm violated the Discharge Injunction. Courts have held that a court entering a written judgment against a debtor after he filed bankruptcy violates the automatic stay of § 362, even if the judge made an oral ruling on the matter before the debtor filed bankruptcy. *In re Fontaine*, 603 B.R. 94, 107 (Bankr. D.N.M. 2019); *LaBarge v. Vierkant (In re Vierkant)*, 240 B.R. 317, 320 (B.A.P. 8th Cir. 1999). Like the Discharge Injunction, the automatic stay enjoins all actions by creditors to recover prepetition claims against a debtor; the stay applies during the pendency of the bankruptcy case, and the discharge injunction continues after the case is closed. § 362. Entry of an order against a debtor on a prepetition claim during the pendency of a bankruptcy case violates the automatic stay; entry of an order against a debtor on a prepetition claim after the debtor receives a discharge violates the Discharge Injunction.

b. **Awareness of Discharge Injunction**

Next, Leslie McKinney and the Lanfear Firm do not dispute that they were aware of the Discharge Injunction when they filed the Motions to Enter. Both were claimants under the plan,

6

actively negotiating with Micah McKinney before its approval. They have both received distributions under the plan post-confirmation. The Amended Motion to Enter expressly recognizes that the Plan resolves the monetary relief sought through their motions.

### c. Objectively Reasonable Basis to Conclude Conduct was Lawful

Finally, Leslie McKinney and the Lanfear Firm had "no objectively reasonable basis for concluding that [their] conduct might be lawful." *Taggart*, 139 S. Ct. at 1799. Leslie McKinney says she had no intention of violating the Discharge Injunction when she filed the Motions to Enter. She says she filed the motions to create a clear record for the litigation of the ongoing SAPCR issues and not to recover against Micah McKinney. But "a party's subjective belief that she was complying with an order ordinarily will not insulate her from civil contempt if that belief was objectively unreasonable." *Id*. at 1802. Despite Leslie McKinney's belief that she was acting lawfully, there is no objective basis for concluding that her and the Lanfear Firm's continued prosecution of claims in State Court on a prepetition claim would not violate the Discharge Injunction—such conduct directly violates the injunction's clear and plain language.

Leslie McKinney says that the Motions to Enter also concern SAPCR issues that were not discharged under the Plan and that the existence of such provisions provides an objective basis for concluding the Motions to Enter were lawfully filed. If there were a legitimate dispute on whether *all* the claims under the Motions to Enter were discharged, then that may provide an objectively reasonable basis for concluding the Motions to Enter were not unlawful. But Leslie McKinney could point to no specific provision of the Motions to Enter that are not covered by the Plan. The Court finds none. Further, even if *some* claims in the Motions to Enter were not discharged under the Plan, that provides no protection to Leslie McKinney because the rest of the claims were

admittedly discharged—so long as the Motions to Enter contain *any* discharged claims, they violate the Discharge Injunction.

Leslie McKinney has presented no objective bases for concluding that her actions did not violate the Discharge Injunction. She solely relies on her subjective intentions. But her subjective intentions are insufficient to insulate her from a finding of contempt. Because Leslie McKinney and the Lanfear Firm willfully engaged in conduct that violated the Discharge Injunction with no objectively reasonable basis for concluding their actions were lawful, the Court must hold them in contempt.

**II.    Sanctions**

When evaluating the appropriate contempt sanctions, courts consider "the harm from noncompliance, the probable effectiveness of the sanction, the financial resources of the contemnor and the burden the sanctions may impose, and the willfulness of the contemnor in disregarding the court's order." *In re Grand Jury Subpoena Duces Tecum Issued on Apr. 22, 1991 to Recs. Custodian*, No. 94-60047, 1994 WL 523913, at *1 (5th Cir. 1994). Thus, in determining sanctions, Leslie McKinney's subjective intentions become relevant. "[A] party's good faith, even where it does not bar civil contempt, may help to determine an appropriate sanction." *Taggart*, 139 S. Ct. at 1802.

Micah McKinney seeks the following contempt sanctions: damages for his emotional distress and time and effort spent prosecuting the motion for contempt, attorney's fees and expenses incurred in connection with the Motions to Enter and motion for contempt, punitive damages, and a $500-per-day penalty for each day after the entry of the Court's order that Leslie McKinney fails to file a notice in State Court withdrawing the Motions to Enter. Considering the

8

relevant factors in determining contempt sanctions, the $500 penalty requested by Micah McKinney alone is the proper relief here.

First, Leslie McKinney did not intend to violate the Discharge Injunction. She has consistently asserted that her purpose in filing the Motions to Enter was not to recover on discharged claims but merely to create an accurate record for ongoing SAPCR proceedings. When counsel for Micah McKinney expressed concern regarding the Motion to Enter, Leslie McKinney amended the motion to expressly state she did not seek any recovery. She says she respects the Court's orders and never intended to violate them. Therefore, while she never had an objectively reasonable basis for concluding she was not violating the Discharge Injunction, she has shown that she was not proceeding in bad faith but, instead, under a misguided understanding of how she was restrained under the Discharge Injunction.

Second, a $500-per-day sanction for future violations is likely to be effective at preventing Leslie McKinney and the Lanfear Firm from proceeding with the Motions to Enter. Leslie McKinney has made clear that she respects the Court's orders and does not intend to violate them in the future. If the Court declares that pursuing the Motions to Enter violates the Discharge Injunction, Leslie McKinney and the Lanfear Firm are likely to cease their unlawful activity regardless of the monetary sanctions in place.

Third, the harm imposed on Micah McKinney from noncompliance is limited by the preliminary injunction imposed by the Court that prevented Leslie McKinney and the State Court from entertaining the motions at the March 22 hearing. The State Court has not granted relief on the Motions to Enter; Leslie McKinney has been enjoined. The Court reserves further and more severe sanctions if either (or both of) Leslie McKinney or the Lanfear Firm commit further

violations. The burden placed on Micah McKinney to notify the Court of future violations is minimal.

Finally, the burden on Leslie McKinney and the Lanfear Firm from Micah McKinney's other-requested forms of relief would be significant. Punitive damages, damages from emotional distress, and attorney's fees could reach tens, if not hundreds, of thousands of dollars. Such damages are not proportional to the easily-correctable conduct of Leslie McKinney here. Calculating a proper award for these types of damages would also expend unnecessary judicial resources. Because "only 'the least possible power adequate to the end proposed' should be used in contempt cases," there is no reason to impose additional sanctions beyond the $500-per-day penalty for future violations. *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 801 (1987) (internal alterations omitted) (quoting *United States v. Wilson*, 421 U.S. 309, 319 (1975)).

### III. Conclusion

The filing of the Motions to Enter by Leslie McKinney and the Lanfear Firm violated the Discharge Injunction. Further action on their part to prosecute the Motions to Enter would also violate the Discharge Injunction. Because Leslie McKinney and the Lanfear Firm willfully filed the Motions to Enter with knowledge of the Discharge Injunction, and because there is no objectively reasonable basis for them to have believed such conduct was lawful, the Court holds Leslie McKinney and the Lanfear Firm in civil contempt. The Court directs that a sanction of $250-per-day will be imposed on each of Leslie McKinney and the Lanfear Firm for every day after the date this order becomes final that Leslie McKinney fails to file a notice in State Court withdrawing the Motions to Enter.

### End of Memorandum Opinion ###